## PETERS v. FELL, *et al.*

1. In a suit to reform and foreclose a mortgage, it appeared that the mortgage contained a misdescription of the property, due to the notary's mistake. The mistake was unknown to the parties. The mortgagor conveyed the premises intended to be covered by the mortgage to one who had knowledge of the mortgage and the error in the description, and who agreed to pay it. *Held,* that the mortgagee, as against the mortgagor's vendee, was entitled to a reformation of the instrument and a judgment of foreclosure, together with a personal judgment for a deficiency.

2. An erroneous description in a mortgage described a part of the same section in which the land intended to be mortgaged was located. The mortgagor's vendee knew of the mortgage and the mistake in the description. The vendee conveyed the property to one who had no such knowledge, who took it subject to recorded incumbrances, and who paid a consideration not grossly inadequite. The mortgagor's

vendee refused to give anything more than a special warranty deed. *Held*, that though such facts were insufficient to charge the second vendee with actual knowledge of the mortgage, and of the mistake in its description, the mortgagee, as against him, was entitled, under the circumstances of the case, to a reformation of the mortgage on condition that he repay such vendee the consideration paid.

HANEY, P. J., dissenting.

(Opinion filed March 1, 1902.)

Appeal from circuit court, Walworth county. HON. LORING E. GAFFY, Judge.

Suit by F. Peters against David M. Fell and others, to reform and foreclose a mortgage upon realty. From a decree for plaintiff, certain of the defendants appeal. Modified.

Suit by F. Peters against David M. Fell and others. From a decree for plaintiff, certain of the defendants appeal. Modified.

*A. L. Yeaton* and *Albert Gunderson*, for appellants.

*Sioux K. Grigsby*, for respondent.

FULLER, J.    Plaintiff had judgment as prayed for in this action to reform and foreclose a real estate mortgage executed on the 14th day of January, 1897, by the defendants David M. and Sadie E. Fell, to secure an indebtedness of $1,200, and this appeal is by the defendants Sayer and Edwards, who were subsequent purchasers of the land which the parties actually intended to mortgage, but, by inadvertence, failed to correctly describe. While the S. W. ¼ of section 6, township 124 N., of range 78, in Walworth county, is the land of which David M. Fell was the owner and in possession when the mortgage was executed, by mistake the notary public who wrote the mortgage described the premises as the S. E. ¼ of such section, township, and range (a timber-culture entry, in which the Fells had no interest); and neither party to the instrument dis-

covered the error until some time after Sayer, who was fully advised, had obtained a deed of the S. W. ¼ from the mortgagor, which specifies $1,225 as the consideration paid, and contains the following provision: "This deed is given by said D. M. Fell and wife to said Myron T. Sayer, subject only to such incumbrance as may now be of record against the land described in the foregoing deed, and such incumbrance the said Myron T. Sayer assumes and agrees to pay within thirty days from the date of recording this instrument. The incumbrance on said land is warranted by said D. M. Fell not to exceed the sum of twelve hundred dollars and interest since January 1, 1897, at the rate of ten per cent per annum."

Neither appellant was sworn in his own behalf at the trial, and there is nothing to controvert the following testimony of D. M. Fell, admitted without objection: "Q. Who drew up the deed to the land from you to Sayer? A. Sayer himself. Q. At the time he drew up this deed, was there any conversation between you and Sayer as regards this mortgage? A. Yes sir. Q. What conversation was there? A. Well, I told him there was a mortgage on the land, and he says: 'Yes; I have seen the mortgage recorded.' I says to him, 'I must go and telephone up and see if Peters recorded his mortgage'; and Mr. Sayer says, 'Yes; he has recorded his mortgage. I have seen it'—and gave the exact date, interest, etc., on the mortgage; and I supposed, as a matter of course, the mortgage was recorded, but, instead of that, I found out that it was recorded on the southeast instead of the southwest. * * * Q. At the time you completed the transaction, did you have any discussion in regard to the consideration? A. Yes, sir. Q. What was said at that time? A. He said he would give me $1,200 for the land, or he said he would pay off Peters' mortgage. I should say he agreed to pay off Peters' mortgage and give me $25. He assumed the

mortgage. Q. The understanding was that he should assume this mortgage? A. Yes, sir; and pay me $25. Q. He gave you $25 in cash and assumed the mortgage? A. Yes sir. Q. Have you paid this note that is in evidence here—this note for $1,200? A. No, sir." From the foregoing and other testimony it is very obvious that appellant Sayer, after discovering the error, and with full knowledge of all the circumstances, was seeking in every possible way to take advantage of the ignorance of these mortgagors and mortgagee, and in no sense can it be said that he was a bona fide purchaser. It is shown by the bill of exceptions, properly before us, that appellant Sayer conveyed the premises by special warranty deed to appellant Edwards on the 4th day of February, 1898; and, while such deed contains no recital as to incumbrances, the expression, "subsequent to incumbrances of record" is contained in the abstract of title furnished by Sayer, and approved by a reputable attorney at law to whom Edwards submitted the same for examination. With the exception of the consideration mentioned in the various conveyances disclosed by such abstract which is generally open to explanation there is nothing to show that the price paid by Edwards was grossly inadequate, as found by the trial court. As the description contained in the recorded mortgage constitutes a well-defined portion of the section to which the apparently unincumbered premises in controversy actually belong, neither the consideration received by Sayer, nor his refusal to give Edwards anything more than a special warranty-deed, was sufficient to charge the latter with knowledge that inoculates the transaction with the virus of bad faith. While the evidence is abundantly sufficient to justify a reformation and foreclosure of the mortgage, together with a deficiency judgment against Sayer, who had contracted to pay the indebtedness secured thereby within

thirty days, we are able to discern from the record before us a plausible, if not reasonable, excuse for the failure of Edwards to make further inquiry; and comparatively speaking, he appears to be about as free from negligence as respondent, who took a mortgage that failed to cover the premises of the mortgagor sought to be incumbered. Granting that the exercise of greater diligence would have enabled Edwards to know the whole truth, it is equally clear that respondent might have discovered the misdescription, had he carefully examined his mortgage at the time of its execution.

We think the evidence sustains the trial court in finding facts fatal to Mr. Edwards' claim of absolute ownership; and yet there are circumstances warranting a court of equity in requiring respondent, as a condition precedent to the reformation and foreclosure of his mortgage, to relieve Edwards from pecuniary loss by the reimbursement of $155, together with interest, paid by him to Sayer in consideration for the land. The case is therefore remanded to the trial court, with the direction that its decree be made to conform to the view herein expressed; and, as thus modified, the judgment appealed from is affirmed.

HANEY, P. J. (Dissenting.) The judgment should be affirmed without modification.