STINSON v. RAY.

Opinion delivered July 9, 1906.

REFORMATION OF INSTRUMENT—PROOF.—A deed will be reformed for mistake in drafting it where the mistake is proved by clear, unequivocal and decisive proof.

Appeal from Saline Chancery Court; *A. Curl,* Chancellor; judgment modified.

*Mehaffy & Armistead,* for appellant.

Appellee, *pro se.*

BATTLE, J. Elizabeth Ray brought this suit against E. Y. Stinson in the Saline Chancery Court to reform a deed executed by her to him on the 22d day of November, 1900.

In the month of November, 1900, plaintiff, in consideration of the sum of $250, agreed to sell and convey to the defendant certain real estate, situate in the town of Benton, in Saline County, Arkansas, described and bounded as follows: "Beginning at a point on the north line of block thirteen, in said town of Benton, twenty feet east of the northwest corner of said block, run thence east along the north line of said block twenty feet; thence south sixty-one and a half feet; thence west twenty feet; thence north sixty-one and a half feet to the place of beginning, on the north line of said block:" and at the same time agreed to convey to him a right of way extending from the street on the west side of block thirteen east a distance of forty feet, "and so as to cover the south side of the property she agreed to sell and convey, and to furnish an outlet from the south end of said property to Depot Street."

Plaintiff executed to the defendant a deed by which she conveyed to him the lot she agreed to sell and the right of way as a part thereof in fee simple, and described the same as follows: Commencing twenty (20) feet east of the northwest corner of block No. thirteen in Benton, Arkansas, thence running east twenty (20) feet, thence south sixty-nine and a half (69½) feet, thence west forty (40) feet to the west line of said block thirteen, thence north eight (8) feet, thence east twenty (20) feet, thence north sixty-one and one half feet to the place of beginning."

Upon the hearing of the cause the chancery court found "that in the drafting and writing of said deed the land to be conveyed thereby was erroneously described so as to embrace the property agreed to be sold, and in addition thereto an additional strip or parcel of land eight (8) feet wide, north and south, and extending from Market Street, otherwise called Depot Street, east forty (40) feet, and lying south of and adjacent to the land so agreed to be sold; that on the 22d day of November, 1900, the plaintiff, without knowledge of the fact that said deed embraced more land than she had contracted and agreed to sell to the defendant, executed the deed without the error having been corrected; that the deed so executed, and containing the error as to the land embraced therein, was filed for record in the office of the recorder of Saline County, Arkansas, and appears of record at page 76 in Book 'S' of the record of deeds of the county."

And adjudged and decreed:

"1. That the deed executed by the plaintiff, Elizabeth Ray, to the defendant, E. Y. Stinson, on the 22d day of November, 1900, and filed for record with the recorder of Saline County, Arkansas, on the 22d day of November, 1900, and appearing of record at page 76, of Book 'S,' of the records of deeds on file in the office of the recorder of said county, be and is so corrected as to embrace the following property, and none other, towit: Beginning at a point on the north line of block thirteen, in the town of Benton, in Saline County, Arkansas, twenty feet east of the northwest corner of said block; run thence east, along the north line of said block thirteen, twenty feet; thence south sixty-one and a half feet; thence west twenty feet; thence north sixty-one and a half feet to the north line of said block and the place of beginning. And that the defendant be and is enjoined from setting up, or claiming title to any property described in said deed, except that hereinabove designated.

. "It is further considered, adjudged and decreed by the court that an alley six feet wide, extending from Market Street, otherwise called Depot Street, east forty feet, and lying south of and adjacent to the above-described tract or parcel of land, be opened by the plaintiff and kept perpetually open, as an outlet, and for the accommodation and use of the defendant and all others that

may have occasion and desire to use the same. And the same is hereby decreed to be a public alley."

The undisputed facts in the case show that the additional strip of land eight feet wide was to be used as an outlet, a way of ingress and egress to and from the lot conveyed, and for no other purpose. Plaintiff and defendant so understood and agreed. According to the terms of their agreement a right of way eight feet wide, north and south, and extending due east from Depot Street a distance of forty feet, and lying south of and adjacent to the land sold should have been conveyed. The draughtsman who drew the deed evidently did not understand the contract of the parties; and the grantor executed it without discovering the error. The evidence adduced at the hearing, clearly, unequivocally, and decisively proves these facts. For the law of the case see *McGuigan* v. *Gaines,* 71 Ark. 614; *Goerke* v. *Rodgers,* 75 Ark. 72.

The cause is remanded with directions to the chancery court to modify its decree in accordance with this opinion.