### CRAIG v. PENDLETON.

### Opinion delivered February 8, 1909.

REFORMATION OF INSTRUMENTS—AS AGAINST THIRD PARTIES.—Where a mortgage by mistake incorrectly described the land intended to be conveyed, the mortgagee is entitled to reformation thereof as against the mortgagor or any subsequent purchaser with notice of the mistake.

Appeal from Union Chancery Court; *Emon O. Mahoney*, Chancellor; affirmed.

*W. E. Patterson,* for appellant.

1. Where a deed is void for a patent ambiguity, parol evidence is not admissible to "piece out" a description. The thing granted must be described with sufficient certainty to ascertain its identity. 3 Ark. 18, 57; 30 Ark. 657; *Id.* 640; 42 Ark. 350; 41 Ark. 495; 60 Ark. 487. A contract written as the parties intended it to be written cannot be reformed for their mistake of its legal effect. 46 Ark. 167; 35 Ark. 470; 68 Ark. 150; 71 Ark. 614; 80 Ark. 461; 81 Ark. 420; 85 Ark. 62.

2. Where a deed is void for uncertainty of description, recording such deed is no notice to a subsequent purchaser of the

land intended to be conveyed. 48 Ark. 419; 40 Ark. 536; 43 Ark. 353; 30 Ark. 660; 22 Ark. 136.

*J. H. Green,* for appellees.

1. Appellee's contention that appellant's promises and false representations were made with the fraudulent purpose of inducing appellees to delay foreclosing the deed of trust until he could obtain a deed to the property is sustained by the chancellor's finding and decree, and his decision will not be disturbed unless it is contrary to a clear preponderance of the evidence. 44 Ark. 216; 68 Ark. 314; 71 Ark. 605; 75 Ark. 52.

2. The deed of trust was properly reformed so as to describe the property correctly and subject the same to foreclosure. 11 Ohio St. 283; 61 Ark. 123.

McCULLOCH, C. J. This is an action instituted in the chancery court of Union County by W. M. Green and W. G. Pendleton as his trustee for the reformation and foreclosure of a deed of trust executed by one Burgy on a lot situated in the town of El Dorado to secure the payment of a debt. Burgy owned the lot in controversy, which contained about one acre, and occupied it as his residence. He had purchased the property from one Soxon, but the description in the conveyance was void for uncertainty. Burgy became indebted to Green, and executed to him the mortgage or deed of trust in question to secure the debt. Appellant Craig prepared the mortgage, at the request of Burgy and Green, and in doing so followed the imperfect description in the Soxon deed. The evidence shows clearly, however, that it was the intention of both parties that the property in controversy was to be described in and conveyed by the mortgage. The error occurred by following the description of the old deed. Subsequently, Burgy became indebted to Craig in the sum of $400, and executed a mortgage to him on the property by the same description; and still later sold and conveyed to him the property for the sum of $600, including his indebtedness to Craig.

In the meantime, Craig, being an abstracter of titles, had discovered the defect in the description, and in order to cure the same in his own mortgage and conveyance had procured a quitclaim deed from Soxon to himself healing the defective description. The evidence shows very clearly that Craig knew, when he

accepted the mortgage from Burgy, and also when he subsequently accepted the conveyance from him, that the mortgage to Green was intended by the parties to cover the property in controversy, according to the undisputed evidence. Craig agreed to pay the debt to Green, provided it should be determined that the latter's mortgage lien was valid.

Under these circumstances, the chancellor was correct in decreeing a reformation of the deed so as to correct the improper description, and in foreclosing the mortgage. The facts made a clear case calling for reformation. Green's right thereto is plain as against Burgy or a subsequent purchaser with notice. It is not contended that Craig purchased without notice. It is not necessary, as counsel seem to think, that in order to justify a reformation as against Craig some fraud on his part should be shown.

Decree affirmed.