## VARNER-COLLINS HARDWARE CO. v. NEW MILFORD SECURITY CO. et al.

No. 4773.  Opinion Filed October 12, 1915.

Rehearing Denied December 28, 1915.

(153 Pac. 667.)

1.  **EVIDENCE—Parol—Written Instrument—Description of Property.**  Parol evidence may be resorted to for the purpose of identifying the description of real property contained in a writing to ascertain its location, upon the ground, but not for the purpose, of ascertaining and locating the land about which the parties negotiated, and supplying a description thereof which they have omitted from the writing.

2.  **REFORMATION OF INSTRUMENTS — Mortgages — Correction of Mutual Mistake.**  The holder of a first mortgage is entitled

614      SUPREME COURT OF OKLAHOMA.

Varner-Collins Hardware Co. v. New Milford Security Co. et al.

to a reformation to correct an error, the result of a mutual mistake, as against a junior mortgagee who received his mortgage to secure a past due debt.

3.    **EVIDENCE — Mortgages — Indefinite Description — Effect — Extrinsic Evidence.** Mere indefiniteness in the description of land in a mortgage, or an error of description, although it may be such as to render the instrument **prima facie** inoperative, does not necessarily invalidate it; but evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the transaction may be received to impart certainty to the description.

4.    **SAME — Sufficiency of Description — Parol Evidence.** The descriptive part of a real estate mortgage read as follows: "Know all men by these presents: That W. B. Gill and A. L. Gill, husband and wife, of Choctaw county, State of Oklahoma, parties of the first part, have mortgaged and hereby mortgage to the Geiser Manufacturing Company (incorporated), of Franklin county, State of Pennsylvania, of the second part, the following described real estate and premises situated in Choctaw county, State of Oklahoma, to wit: One hundred and fifty acres of land in section No. two, township six south and range seventeen east, as follows. * * *" **Held,** that said mortgage was not void on account of the indefiniteness or uncertainty of the description, but was valid as against a subsequent mortgage taken to secure payment of an antecedent debt, and should be enforced where it was alleged, and established upon the trial, that at the time of the execution of both mortgages the common mortgagors owned 150 acres of land, and no more, in said section 2, which land was specifically described by legal subdivisions as follows, etc.; that this is the same land specifically described in the second mortgage and which it was the mutual intention of the parties to embrace within the first mortgage. Parol evidence in such a case to identify the specific 150 acres in section 2 owned by the mortgagors at the time the first mortgage was executed is admissible.

(Syllabus by the Court.)

*Error from District Court, Choctaw County;*
*A. H. Ferguson, Judge.*

Action by O. A. Simmons against the Varner-Collins Hardware Company, the New Milford Security Company, and others. From the judgment, the Varner-Collins Hardware Company named brings error. Affirmed.

*R. E. Stephenson,* for plaintiff in error.

*F. L. Boynton,* for defendants in error.

KANE, C. J.   The law question involved herein arose out of a suit to foreclose a certain real estate mortgage, wherein O. A. Simmons, one of the defendants in error herein, was plaintiff, and the remaining parties, both plaintiff in error and defendants in error, were defendants.   The plaintiff in error herein, one of the defendants below, filed a cross-petition alleging that, by virtue of a certain mortgage executed by W. B. and Annie L. Gill, husband and wife, held by it, covering the real estate described in the petition of the plaintiff, it acquired a lien on said land prior in time and superior to the lien of any of the other parties; wherefore it prays that its mortgage be foreclosed, etc.

The Geiser Manufacturing Company, a corporation, one of the defendants in error here, by answer and cross-petition also claimed by virtue of a certain mortgage held by it, executed by the same mortgagors, to be entitled to a lien upon said premises prior in time and superior to any of the other parties.   Its cross-petition, after setting up the ordinary allegations constituting a cause of action for the foreclosure of a real estate mortgage, further alleged, in substance:

That the scrivener, in preparing its mortgage, inadvertently omitted a specific description of the property intended by the parties to be embraced therein, and described the same as follows, to wit:

"Know all men by these presents:   That W. B. Gill and A. L. Gill, husband and wife, of Choctaw county, State of Oklahoma, parties of the first part, have mortgaged and hereby mortgage to the Geiser Manufacturing Company (incorporated), of Franklin county, State of Penn-

616    SUPREME COURT OF OKLAHOMA.

Varner-Collins Hardware Co. v. New Milford Security Co. et al.

sylvania, of the second part, the following described real estate, and premises, situated in Choctaw county, State of Oklahoma, to wit: One hundred and fifty acres of land in section No. two, township six south and range seventeen east, as follows.  *   *   *"

That it was the mutual intention of the parties to said instrument to execute a mortgage on the property described in the plaintiff's petition, and also the southeast quarter of the northwest quarter of the northeast quarter of section 2, said tract comprising 150 acres, and all the land in said section 2 to which the mortgagors at the time said mortgage was executed had a good and merchantable title; that said mortgage was duly recorded; that said Varner-Collins Hardware Company, the other defendant corporation therein, was not an incumbrancer in good faith for value, but took its mortgage subsequent to the mortgage of the Geiser Manufacturing Company to secure the payment of a pre-existing debt due it from their common mortgagors; that said mortgage was executed and was taken by said Varner-Collins Hardware Company with full knowledge and notice of the rights of said cross-petitioner, and the taking thereof was an attempt on the part of said Varner-Collins Hardware Company to take an unconscionable advantage of said cross-petitioner by reason of a mistake and omission in its mortgage, said Varner-Collins Hardware Company well knowing that such mistake and omission had been made in said mortgage and that said mortgage was given on the property described in the plaintiff's petition to secure the payment of $8,700 due and owing said cross-petitioner from said common mortgagors.

To this cross-petition the Varner-Collins Hardware Company filed a demurrer, which was overruled by the trial court; whereupon the demurrant elected to stand

upon its demurrer, and instituted this proceeding in error for the purpose of reviewing the action of the trial court in overruling its demurrer.

The grounds of demurrer are:

"(1) That said alleged real estate mortgage is null and void and conveyed no rights in and to the real estate described in defendant's cross-petition to the said Geiser Manufacturing Company; and (2) that said purported real estate mortgage is null and void for the reason that it lacks a description of the land sought to be charged, as set forth in said cross-petition of Geiser Manufacturing Company, and is not sufficient to become the basis of an action in equity for its reformation and foreclosure; (3) that said cross-petition for the reformation of said purported real estate mortgage and for its foreclosure does not state facts sufficient to constitute a cause of action in favor of the Geiser Manufacturing Company, defendant, and against Varner-Collins Hardware Company."

Counsel for plaintiff in error contends that the description of the premises as it appears in the mortgage is so inaccurate and uncertain that the identity of the land intended to be mortgaged cannot be determined by the court from an inspection of the instrument itself, or by any proper resort to parol evidence in aid of such description. It seems well settled that parol evidence may be resorted to for the purpose of identifying the description of real property contained in a writing to ascertain its location, upon the ground, but not for the purpose, of ascertaining and locating the land about which the parties negotiated, and supplying a description thereof which they have omitted from the writing. The office of description in a deed is not to identify the land, but to furnish means of identification. *Cox v. Hart,* 145 U. S. 376, 12 Sup. Ct. 962, 36 L. Ed.

741; *Blake v. Doherty,* 5 Wheat. (U. S.) 359, 5 L. Ed. 109; *Crotty v. Effler,* 60 W. Va. 258, 54 S. E. 345, 9 Ann. Cas. 770. Therefore, they say, the construction of a written instrument being a matter of law, if the land intended to be mortgaged be so inaccurately described that it appears on inspection of the deed that the identity thereof is altogether uncertain and cannot be determined, the court ought to pronounce the mortgage void. *Kingston v. Pickins,* 46 Tex. 99.

It is also well settled that the holder of a first mortgage is entitled to a reformation to correct an error, the result of a mutual mistake, as against a junior mortgagee who received his mortgage to secure a past due debt (*First National Bank of Parsons v. Wentworth,* 28 Kan. 183; *Craig v. Pendleton,* 89 Ark. 259, 116 S. W. 209), and that the same rule applies to a vendee with notice of the purpose of the mortgage to cover the omitted or misdescribed lands (*Citizens' National Bank v. Judy,* 146 Ind. 322, 43 N. E. 259; *Stinson v. Ray,* 79 Ark. 592, 96 S. W. 141; *Carpenter Paper Co. v. Wilcox,* 50 Neb. 659, 70 N. W. 228; *Peters v. Fell,* 15 S. D. 391, 89 N. W. 1014). The general law governing such cases being settled, it only remains to apply it to the specific facts before us.

A fair rendering of the description under consideration, as it appears in the mortgage, would be:

"That W. B. Gill and A. L. Gill, husband and wife, do hereby mortgage to the Geiser Manufacturing Company the following real estate owned by us situated in Choctaw county, State of Oklahoma, to wit: 150 acres of land in section No. 2, township 6 south and range 17 east."

Now, the cross-petition alleges, in effect, that the mortgagors at the time of the execution of the mort-

gage to the Geiser Manufacturing Company were the owners of 150 acres of land in section 2, township 6 south and range 17 east, situated in Choctaw county, and no more; that the specific description of the land owned by the mortgagors in said section No. 2, and which they intended to mortgage, is:

"The east half of the southeast quarter and the southwest quarter of the northeast quarter, and the south half of the northwest quarter of the southwest quarter, and the southeast quarter of the northwest quarter of the northeast quarter of section No. 2, township 6 south, range 17 east, in Choctaw county, Okla."

This description embraces precisely 150 acres, and if, as alleged, the mortgagors owned 150 acres of land, as above described, in section 2, and no more, we can see no insuperable difficulties in the way of identifying the specific land intended to be mortgaged, nor can we conceive how a subsequent purchaser or incumbrancer could have been deceived or misled by the indefiniteness of the description contained in the mortgage.

The rule is that mere indefiniteness in the description of land in a mortgage, or an error of description, although it may be such as to render the instrument *prima facie* inoperative, does not necessarily invalidate it; but evidence of extrinsic facts relative to the situation of the parties and the circumstances attending the transaction may be received to impart certainty to the description. *Caston v. McCord,* 130 Ala. 318, 30 South. 431; *Boon v. Pierpont,* 28 N. J. Eq. 7. Other cases illustrating the application of this rule to facts somewhat similar to those stated in the cross-petition of the Geiser Manufacturing Company are *O'Neal v. Seixas,* 85 Ala. 80, 4

South. 745; *Bybee v. Hageman,* 66 Ill. 519; *Bacon v. Leslie,* 50 Kan. 494, 31 Pac. 1066, 34 Am. St. Rep. 134.

In our judgment, the foregoing authorities amply support the conclusion reached here that the description of the land in the mortgage of the Geiser Manufacturing Company was not void for indefiniteness or uncertainty, and that its cross-petition states facts sufficient to warrant the court below in admitting parol evidence for the purpose of identifying the specific 150 acres of land which the parties intended should be covered by their mortgage at the time the mortgage was executed.

For the reasons stated, the judgment of the court below is affirmed.

All the Justices concur.