SHERWIN-WILLIAMS COMPANY v. LESLIE.

Opinion delivered June 1, 1925.

1.  REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE.—Where the uncontroverted proof showed that it was the intention of the parties to a deed that certain lands should have been included, and that it was omitted through the oversight of the scrivener who prepared the deed, as between such parties the deed will be reformed.

2.  REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE—SUBSEQUENT MORTGAGEE WITH KNOWLEDGE.—Where a mortgage by mistake of the scrivener omitted a tract of land, and a subsequent mortgage of the omitted land contained a clause that it was subject to a first mortgage to the named mortgagee in a stated sum, the subsequent mortgagee was bound by such recital, and the first mortgagee was entitled to reformation of his mortgage so as to include the omitted land as against the second mortgagee.

Appeal from Howard Chancery Court; *C. E. Johnson*, Chancellor; affirmed.

*Sleator & Slattery* and *W. C. Rodgers*, for appellant.

*A. F. Auer*, for appellee.

WOOD, J. On the 23rd of September, 1920, J. S. Norman and wife executed a deed of trust in favor of Mrs. Kate A. Fowler to secure her in the sum of $5,000. Sam E. Leslie was named as trustee in the deed. The deed embraced the following lands:

SE¼ of SE¼ section 25, and W½ of NE¼ of NE¼, section 36, township 9 south, range 27 west, except one acre in the northwest corner, in Howard County, Arkansas; and the N½ of SE¼ of section 19, township 9 south, range 26 west in Hempstead County, Arkansas.

On the 26th of December, 1922, the Ozark Nursery & Seed Breeding Farms, a corporation, through its president, J. S. Norman, and M. C. Foster, its secretary, executed a deed of trust to the Sherwin-Williams company, hereafter called company to secure a promissory note in the sum of $2,203.94, which was due April 1, 1923. The deed of trust to the company contained the following land:

"SE¼ of SE¼ and the NE¼ of SE¼, section 25, and the W½ of NE¼ of NE¼ of section 36, all in township 9 south, range 27 west, Howard County, Arkansas, except one acre in the northwest corner of last-named tract."

The deed of trust to the company was duly recorded on December 28, 1922. It contained the following clause: "This deed of trust is subject to a first mortgage to Mrs. Kate C. Fowler in the sum of $6,000."

This action was begun by Sam E. Leslie, trustee, in the chancery court of Howard County against Norman and wife, and one J. S. Butt and the company to foreclose the deed of trust in favor of Mrs. Kate C. Fowler. Leslie alleged that in addition to the land actually conveyed and described in the deed of trust to Mrs. Fowler, it was intended to include the following land situated in Howard County: The NE¼ of SE¼ of section 25, township 9

south, range 27 west.   He further alleged that the company claimed an interest in the land above described by virtue of the deed of trust executed to it.   Leslie prayed that the deed of trust to him in favor of Mrs. Fowler be reformed, so as to include the lands last above described and that the trust deed as thus reformed be foreclosed.

The company, in its answer, denied that the mortgage to Mrs. Fowler was prior in date to its mortgage, and alleged, by way of cross-complaint, that its mortgage on the NE¼ of SE¼ of section 25, township 9 south, range 27 west, was senior and paramount to Mrs. Fowler's mortgage, and the company prayed that its lien on this tract be declared superior to that of Mrs. Fowler, and that its mortgage be foreclosed on said land.

The undisputed proof was to the effect that the grantors in Mrs. Fowler's mortgage intended to include the tract of land in Howard County in controversy, and that the grantors were living on that tract when the mortgage in favor of Mrs. Fowler was executed, and by oversight the scrivener omitted that tract.   It was agreed by the parties that the company had no knowledge or notice of an intention on the part of the grantors in the mortgage to Mrs. Fowler to include therein the NE¼ of SE¼ of section 25, township 9 south, range 27 west, in Howard County, Arkansas, unless the clause, "this deed of trust is subject to a first mortgage to Mrs. Fowler in the sum of $6,000," constituted such notice. It was agreed that, if Mrs. Fowler's mortgage should be construed to include the lands last above mentioned, then judgment should be rendered and foreclosure had of the mortgage on the lands mentioned in her favor; otherwise, the judgment and foreclosure on the tract mentioned should be in favor of the company.

The trial court, upon the facts as above set forth, found that the mortgage to Mrs. Fowler included the tract of land in controversy as above described, and that her mortgage should be reformed so as to include such tract.   The court rendered a decree in her favor, fore-

closing the mortgage on such tract, and from that decree the company prosecutes this appeal.

As between Mrs. Fowler, the beneficiary, and the grantors in the deed of trust from Norman and wife to Leslie, the trustee, Mrs. Fowler was entitled to a reformation of the deed of trust so as to include the lands in controversy, under the uncontroverted proof that it was the mutual intention of all parties to that deed of trust that such lands should be included and that it was omitted merely through oversight of the scrivener who prepared the deed of trust. *Craig* v. *Pendleton,* 89 Ark. 259. Therefore, the deed of trust from Norman and wife to Leslie, the trustee, in favor of Mrs. Fowler, executed September 23, 1920, should read as if it originally included, in addition to the lands therein described, the NE¼ of SE¼ of section 25, township 9 south, range 27 west, in Howard County, Arkansas, the same being the tract of land in controversy.

As between the appellant and the appellee, Mrs. Fowler, the only issue is whether or not the latter is entitled to have her deed reformed so as to give her a lien on the land in controversy, which is paramount to the lien of appellant under its deed of trust. We believe the doctrine of the above case is also decisive of this issue, for, in that case, it is held (quoting syllabus): "Where a mortgage by mistake incorrectly describes land intended to be conveyed, the mortgagee is entitled to reformation thereof as against the mortgagor or any subsequent purchaser with notice of the mistake." The notice mentioned in the above excerpt means either actual or constructive notice.

Now, the uncontroverted proof, as we have seen, shows that Mrs. Fowler did have a mortgage on the land in controversy to secure an indebtedness due her from the Normans in the sum of $6,000. The appellant expressly contracted with the grantors in its deed of trust that its mortgage was subject to the prior deed of trust to Mrs. Kate A. Fowler for the sum of $6,000. This provision was embodied by the grantors in appellant's

deed of trust. It shows that the appellant contracted with its grantors in the deed to make the appellant's deed of trust subject to Mrs. Fowler's deed of trust. This provision was for the benefit of Mrs. Fowler as well as for the benefit of the grantors in appellant's deed of trust. J. S. Norman was the president of the Ozark Nursery & Seed Breeding Farms, and he was also the grantor in Mrs. Fowler's deed of trust. The parties to appellant's deed of trust were contracting with reference to any first mortgage that embraced the lands in controversy which had been executed in favor of Mrs. Fowler, regardless of whether such mortgage had been placed of record or not. If the parties to appellant's deed of trust had intended that the clause in controversy should refer only to a mortgage in favor of Mrs. Fowler that had been put of record, it would have been easy and the natural thing to do to refer to such mortgage as of record. But such is not the language of the clause mentioned. By reason of the fact that this clause expressly mentions Mrs. Kate Fowler as having a first mortgage and specifies the amount of same, the appellant must be held to these recitals, and they show that appellant had knowledge of the fact that Mrs. Fowler had a prior mortgage to the land in controversy. If the clause had stopped with the language, "this deed of trust is subject to a first mortgage," then appellant's contention would be more plausible, but since it specifically named the mortgagee in the first mortgage, and specified the amount of that mortgage, and states that the mortgage to Mrs. Fowler is a first mortgage, and that it is subject thereto, it occurs to us that this language is tantamount to saying that the mortgage to the appellant is subject to the first mortgage of Mrs. Fowler for the same property.

Such recitals bring the case at bar clearly within the doctrine announced by us in *Reidmiller* v. *Comes*, 158 Ark. 23, where we said: "This court has also held that, by accepting a mortgage which recites the first mortgage and provides for its payment, the second mortgagee, whose mortgage has been first filed for record, estops

himself to deny the existence of the said mortgage and the validity of its lien.    *    *    *    Between conflicting mortgages, the one first filed for record will have precedence, *in the absence of a recital that it is made subject to another mortgage on the same property.*" True, both mortgages in the above case were filed for record, but the doctrine of estoppel, which was controlling in that case, was predicated upon the fact that the second mortgage contained a recital that it was subject to a first mortgage on the same property. We are convinced that it was not in the contemplation of the parties to appellant's mortgage that appellant should have a first mortgage, or a superior lien on the land in controversy to the mortgage of appellee, Mrs. Fowler, but just to the contrary.

The decree of the court is therefore correct, and it is affirmed.

DISSENTING OPINION.

McCULLOCH, C. J.    The writer and Mr. Justice HART have the view that, while full recognition should be given to the doctrine that acceptance of a deed reciting the existence of a prior incumbrance constitutes notice thereof to the grantee, yet under the facts of the present case the recital in appellant's mortgage should be treated as having reference merely to the prior recorded mortgage to appellee. Appellant had no notice that the tract of land in controversy was intended to be included in the mortgage to appellee, and had the right to assume that the recital referred to the prior recorded mortgage and to none other. Appellant was not, by the recital, put on notice as to any other incumbrance.