## WOODSIDE *v.* BECKHAM.[1]

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF IOWA.

No. 56.   Argued December 9, 1909.—Decided February 21, 1910.

Where a plaintiff sues as assignee of several claims, but is not in fact the owner of all the claims sued upon, and none of the claims is sufficient in amount to confer jurisdiction on the Federal court, that court has no jurisdiction and should dismiss the case for that reason although the assigned claims may in the aggregate exceed the jurisdictional amount.

142 Fed. Rep. 167, affirmed.

THE facts are stated in the opinion.

*Mr. John R. Smith,* with whom *Mr. Hartley B. Woods* was on the brief, for plaintiff in error:

The Circuit Court had jurisdiction. The judgments against the corporation on which the bill is based were valid under the state law and the assignee had title to all the judgments and could maintain an action against the directors therefor as in the aggregate the claims exceeded $2,000. *Bowden* v. *Burnham,* 59 Fed. Rep. 752; *Chase* v. *Sheldon Roller-Mills,* 56

---

[1] Original docket title: Woodside *v.* Vasey.   December 9, 1909. Suggestion of death of Vasey and substitution of Beckham.

Fed. Rep. 625; *Bushnell* v. *Kennedy,* 9 Wall. 387; *Holmes* v. *Goldsmith,* 147 U. S. 150; *Bergman* v. *Inman,* 91 Fed. Rep. 293; *Tennent Stribling Co.* v. *Roper,* 94 Fed. Rep. 739; *Brigham* v. *Gross,* 107 Fed. Rep. 769; *Huff* v. *Bidwell,* 151 Fed. Rep. 563.

*Mr. J. W. Jamison,* with whom *Mr. R. J. Williamson* and *Mr. J. N. Hughes* were on the brief, for defendants in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action to recover of defendants, as directors of the Neptune Mining Company, a Colorado corporation, the sum of $5,500 as the aggregate amount of claims or demands of the plaintiff and of thirty other persons, firms or corporations against the mining company, which had been assigned to the plaintiff.

.The liability was asserted to arise under the requirement of the act of April 6, 1901, of Colorado, which required annual reports to be filed by all corporations with the Secretary of State for Colorado within sixty days after the first day of January in each year as to matters designated in the statute, and which provided: "If any such corporation shall fail, refuse or omit to file the annual report aforesaid, and to pay the fee prescribed therefor within the time above prescribed, all the officers and directors of said corporation shall be jointly and severally and individually liable for all debts of such corporation, joint stock company or association that shall be contracted during the year next preceding the time when such reports should by this section have been made and filed, and until such report shall be made and filed." And it was averred that no annual report was filed by or for said corporation, the Neptune Mining Company, within sixty days from and after January 1, 1903.

The complaint set out the various items of indebtedness incurred by the mining company, which, it was alleged, had been

assigned to William Woodside for collection only, with the agreement that each of the several assignors should remain the absolute owner of his or their claims, and should contribute his proportion of the expenses of collection of the same, including costs and attorney's fees, and it was agreed that the said several assignors have ever since been and now are the exclusive owners of their several claims, and that said William Woodside has no interest whatever in any of the claims so assigned.

The case coming on for trial, a jury was duly waived and the cause submitted to the court.

The court found that the plaintiff was not the owner of, or the real party in interest in, any of the claims against the mining company that had been assigned to him; that the amount of his own claim against the company was only $162.36; and that the amount of none of the separate claims of the others assigned to him exceeded $650, while some were less than $100; that the claims other than his own were assigned to plaintiff for the purpose of collection only; that he paid no consideration therefor, and that said assigned claims or demands in fact remained the property of the different assignors thereof, who were paying *pro rata* the expenses of prosecuting the action; that if plaintiff recovered upon the claims from defendants the amount of such recovery above the plaintiff's individual claim would be for the benefit of the several assignors thereof and would be distributed to them in proportion to the amount of the claim of each; that the several claims other than that of the plaintiff were assigned to him by the different owners thereof to be added to the amount of plaintiff's claim to create an amount in excess of $2,000 for the express purpose of enabling the plaintiff to sue thereon in the Circuit Court.

It also appeared that in 1903 plaintiff recovered judgment in the District Court of Custer County, Colorado, against the Neptune Mining Company for the amount of his own claim, to wit, $162.36, and a part of the other claims so assigned to

him, the judgment being for the sum of $2,724.46, and the items on which suit was brought being set forth in the present complaint.

The Circuit Court, in its opinion, quoted the evidence of the plaintiff as to his interest in or right to the assigned claims, upon which he sued in the action, as follows:

After stating that his own claim against the Neptune Mining Company was $162.36, he said:

"'The assignments of the accounts to me, and of the judgment aside from my personal account, were made to me for the sole purpose of beginning suit in my name, and to thus save expenses. I have no interest in any of said claims or judgments except my individual claim. The actual ownership of the said judgment and the proceeds thereon, and the accounts and the proceeds thereof, belong to the several assignors, and I am to account to them and to pay them such proceeds in case I collect them.'"

And the Circuit Court held that as none of the claims or demands so assigned were of sufficient amount to authorize an action thereon in a court of the United States, it was clear that this action could not be maintained in the Circuit Court, and it was accordingly dismissed without prejudice for want of jurisdiction, and at the plaintiff's costs. *American Can Co.* v. *Morris*, 142 Fed. Rep. 167.

Thereupon the court certified that the order of dismissal was based solely on the ground that the cause did not involve a controversy within the jurisdiction of the court, for the reasons stated in the opinion filed in the case, which opinion was by the terms of the certificate made a part of the record and directed to be certified and sent up as such.

The Circuit Court cited many cases decided in this court to sustain the proposition that where a plaintiff is not in fact the owner of the claims sued upon and none of the claims assigned is sufficient in amount to confer jurisdiction upon the Federal court, it has no jurisdiction and will dismiss the case for that reason.

Thus in *Bernards Township* v. *Stebbins,* 109 U. S. 341, 355, it was said:

"The decision in *Williams* v. *Nottawa,* 104 U. S. 209, establishes that the Circuit Court of the United States cannot, since the act of 1875, entertain a suit upon municipal bonds payable to bearer, the real owners of which have transferred them to the plaintiffs of record for the sole purpose of suing thereon in the courts of the United States for the benefit of such owners, who could not have sued there in their own names, either by reason of their being citizens of the same State as the defendant, or by reason of the insufficient value of their claims."

And so in *Waite* v. *Santa Cruz,* 184 U. S. 302, 328, this court quoted § 5 of the act of March 3, 1875, c. 137, 18 Stat. 470, 472, and said:

"We adjudge that, as the plaintiff does not own the bonds or coupons in suit, but holds them for collection only, the Circuit Court was without jurisdiction to render judgment upon any claim or claims, whether bonds or coupons, held by a single person, firm or corporation against the city and which, considered apart from the claim or claims of other owners, could not have been sued on by the real owner by reason of the insufficiency of the amount of such claim or claims."

And see *Crawford* v. *Neal,* 144 U. S. 585, 593, and cases cited.

That rule is decisive in this case, and the judgment of the Circuit Court is

*Affirmed.*