## MULLEN v. ALASKA PACKERS' ASS'N.

(District Court, W. D. Washington, N. D.  July 16, 1921.)

No. 137–L.

Courts ☞328(5)—Parties having several claims cannot create jurisdictional amount by assignments to one party.

> Where several parties unite to enforce a single right, in which they have a common interest, it is enough to give a federal court jurisdiction if their interests collectively equal the jurisdictional amount; but the interest must be common and pertain to the enforcement of a single title or right, and the assignment of separate claims to one party does not create a single demand within the court's jurisdiction.

At Law. Action by Ralph B. Mullen against the Alaska Packers' Association. On motion to remand to state court. Motion granted.

Burkey, O'Brien & Burkey, of Tacoma, Wash., for plaintiff.
Hadley & Abbott, of Bellingham, Wash., for defendant.

NETERER, District Judge. The plaintiff, on behalf of himself and others, setting forth assignments to him of the others' respective claims, in the state court, alleges that the defendant employed him to secure

fishing boats with their crews to fish in Alaskan waters from June 1, until September 1, 1920, for which service he was to receive $25 for each boat and crew secured, and that he was to secure not less than four boats. The contract is based upon correspondence.

The defendant removed the cause to this court on the ground of diversity of citizenship. The plaintiff has moved to remand, stating that the amount of the respective claims is not of jurisdictional amount. The defendant avers that the plaintiff, representing himself and the other interested parties, even though the demands are distinct, may unite for convenience and economy in a civil suit, but strenuously asserts that the plaintiff, Mullen, was himself the contractor who agreed to furnish all of the boats and crews, and that he is the proper party to complain, and that the defendant has nothing to do with the other parties.

Where several parties unite to enforce a single right, in which they have a common interest, it is enough if their interests collectively equal the jurisdictional amount. Troy Bank v. Whitehead, 222 U. S. 40, 32 Sup. Ct. 9, 56 L. Ed. 81. But the interest must be common and pertain to the enforcement of a single title or right. The letter upon which the plaintiff relies states:

"Will give you $25 for each boat for your trouble when you leave in the fall."

Again:

"Now be sure and get six boats, if you can, get seven, and get good fishermen."

Again:

"But want not less than four boats or more, for it would not pay to have any less."

The telegram of May 8th with relation to the price:

"Now you and the men that are figuring on coming up here to fish had better come together and talk this matter over."

It is clear from the correspondence, and it is the basis of contract, that the plaintiff was acting in a representative capacity purely as the agent of the defendant, and not as principal to furnish the boats and fishermen. He could not recover for the men and boats that he secured, because he is not the real party in interest. Section 179, Rem. & Bal. Code Wash. And the amount which he seeks for himself is less than $3,000. Each claim assigned to him is likewise less than $3,000. They aggregate considerably more than the jurisdictional amount, but parties may not assign claims to one party for the purpose of creating a demand within this court's jurisdiction. Sere v. Pitot, 10 U. S. (6 Cranch) 332, 3 L. Ed. 240; Metcalf v. City of Watertown, 128 U. S. 586, 9 Sup. Ct. 173, 32 L. Ed. 543; Mex. Nat'l R. R. Co. v. Davidson, 157 U. S. 201, 15 Sup. Ct. 563, 39 L. Ed. 672; Waite v. City of Santa Cruz, 184 U. S. 302, 22 Sup. Ct. 327, 46 L. Ed. 552; Woodside v. Beckham, 216 U. S. 117, 30 Sup. Ct. 367, 54 L. Ed. 408.

Thus concluding, this court is without jurisdiction, and the motion to remand is granted.