## MUTUAL ADJUSTMENT CO. v. PACIFIC TELEPHONE & TELEGRAPH CO.

(District Court, W. D. Washington, N. D.   March 28, 1923.)

### No. 7340.

**Removal of causes ⬤⟿72—Federal court without jurisdiction of action by assiqnee of claims for collection, each less than jurisdictional amount.**

    A federal court is without jurisdiction on removal of an action by the assignee of separate claims for collection, where the assignors retain an interest in the recovery, and where the claims must be added together to make up the jurisdictional amount.

At Law. Action by the Mutual Adjustment Company against the Pacific Telephone & Telegraph Company. On motion by plaintiff to remand to state court. Granted.

Fred C. Campbell, of Seattle, Wash., for plaintiff.

Chadwick, McMicken, Ramsey & Rupp, of Seattle, Wash., for defendant.

CUSHMAN, District Judge. Plaintiff, a Washington corporation, sues the defendant, a California corporation, on account of charges for the use of telephones, alleged to have been made by the defendant company in excess of the rate fixed by the Public Service Commission of the state of Washington. The amount for which suit is brought is $18,610.25. There are involved 155 claims, 154 of which have been assigned to the plaintiff by telephone subscribers. No single claim equals $3,000 in amount. The plaintiff asks that the cause be remanded to the state court. Uhl Bros., Inc., the assignor of one of the claims, amounting to $87.50, is a California corporation.

It is clear that, in so far as the several claims are concerned, the controlling questions involved, as set forth in the complaint, are the same as to each; but, as no assignor has or had any interest in the claim of any other assignor—there being no res in which the assignors had a joint or common interest—and as the defeat of one claim would in no way work an estoppel as to any other, the controversy is separable, and the jurisdiction of this court is not ousted for want of the necessary diversity of citizenship as to any of the claims, other than that of Uhl Bros., Inc.

Plaintiff has filed an affidavit in support of its motion to remand, in which it is stated:

"That the * * * claims set forth in the complaint herein, and on which the plaintiff's causes of action are based, were assigned by the various parties named in Schedule A attached to said complaint, to the plaintiff for the purpose of collection and that each of said assignors named in said

Schedule A and listed under the quotation 'Names of Subscribers' in said schedule, retains a contingent interest in the claim so assigned, contingent upon the collection thereof."

There has been no denial of the affidavit. Motion to remand will be granted. Waite v. Santa Cruz, 184 U. S. 302, at 327, 328, 22 Sup. Ct. 327, 46 L. Ed. 552; Green County v. Thomas' Executor, 211 U. S. 598, 29 Sup. Ct. 168, 53 L. Ed. 343; Woodside v. Beckham, 216 U. S. 117, 30 Sup. Ct. 367, 54 L. Ed. 408; Title Guaranty Co. v. Allen, 240 U. S. 136, at page 140, 36 Sup. Ct. 345, 60 L. Ed. 566.