## DOLL et al. v. BLASIUS.
### No. 5265.

Circuit Court of Appeals, Third Circuit.

Feb. 8, 1934.

Wm. L. Matz and Zoob & Matz, all of Philadelphia, Pa., for appellant.

Joseph Gray Jackson, of Philadelphia, Pa., for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

Doll, Smith, Ryder, and Schweickert, co-partners, doing business under the firm name of Continental Illustrating Company, brought this suit in the District Court against Blasius for infringement of a copyright granted to them in their partnership capacity for a certain publication. The defendant met the bill of complaint with a motion to dismiss. From a decree dismissing the bill, which was a joint decree against all the partners, Schweickert, singly and in his own name, filed a petition for allowance of an appeal. The trial court allowed the appeal as prayed for, that is, it allowed the appeal to Schweickert and to him alone. On reaching this court the defendant-appellee moved to dismiss the appeal upon the representation, sustained by the record, that: "There has been no severance, nor is there anything of record indicating that the other complainants were notified and refused to appeal and therefore one jointly-aggrieved party cannot appeal without the others." The appellant Schweickert replied that in his affidavit verifying his petition for allowance of an appeal he said that: "He is duly authorized to make this affidavit on behalf of all of the complainants," which, he claims, clearly shows "the intention * * * to have the petitioner on behalf of all the complainants take this appeal" and therefore the appeal should be considered as much theirs as his own.

Although the appellant has made this definite contention and still stands upon it, we rather think he doubts the right or legal capacity of one party in a joint decree to appeal as a proxy for the others and thereby confer jurisdiction upon the court as to all of them for he next takes the position that the parties, not appearing as appellants, were omitted from the appeal by mistake, which the court can, and should, cure by adding those omitted, though after the period for appeal has expired, citing Thomas v. Green County (C. C. A.) 146 F. 969; Greene County, Ky., v. Thomas' Ex'r, 211 U. S. 598, 29 S. Ct. 168, 53 L. Ed. 343; The Mary B. Curtis (C. C. A.) 250 F. 9; Estis v. Trabue, 128 U. S. 225, 9 S. Ct. 58, 32 L. Ed. 437; Gilbert v. Hopkins (C. C. A.) 198 F. 849. These cases are distinguishable on their facts and some have been distinguished by other decisions (American Baptist Home Mission Society v. Barnett (C. C. A.) 26 F.(2d) 350, 352, 353; Id. 278 U. S. 626, 49 S. Ct. 28, 73 L. Ed. 546) or are clearly out of harmony with a long line of Supreme Court decisions.

Under the rulings in our cases of Ibbs v. Archer (C. C. A.) 185 F. 37 and Doran v. Kaier Company (C. C. A.) 60 F.(2d) 259, but more particularly under authority of

Feibelman v. Packard, 108 U. S. 14, 1 S. Ct. 138, 27 L. Ed. 634, preceded and consistently followed by the Supreme Court in like cases, and under Babcock v. Norton (C. C. A.) 5 F.(2d) 153; Id., 268 U. S. 689, 45 S. Ct. 509, 69 L. Ed. 1158, and Priest v. Seaman (C. C. A.) 266 F. 844, and the many cases there cited—all addressed to the jurisdiction of appellate courts—we are constrained to dismiss the appeal without consideration of the case on the merits.

In the Feibelman Case a judgment had been rendered against two partners. To that judgment only one partner sued out a writ of error. The court said: "Their interests in the suit were joint, and the judgment affects them jointly and not separately. Feibelman alone has brought this writ of error, and there has been no summons and severance, or other equivalent proceeding. It follows that the writ must be dismissed on the authority of" cases cited. This unquestionably still is law, particularly applicable to this case because of facts identical with those in the Feibelman Case with respect to an appeal from a joint decree by one of several partners without severance.

The appeal is dismissed.