### SCHWARTZ et al. v. WEINGART et al.
### No. 361.

Circuit Court of Appeals, Second Circuit.
April 1, 1935.

Herbert P. Wilson, of New York City, for appellants.

Max Schulman, of Brooklyn, N. Y. (Louis Timberg and Rubin Mazel, both of Brooklyn, N. Y., and Jacob Rubenstein, of Brooklyn, N. Y., on the brief), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The question which this appeal attempts to present is whether the alleged bankrupts seasonably moved to dismiss the petition for insufficiency appearing on its face or whether they waived the right to make this objection, although their answer reserved it, by obtaining a reference to a master and proceeding to trial before him after he had denied their motion to dismiss. But before the merits of the controversy can be reached we are constrained to consider a question of jurisdiction.

The involuntary petition was filed by the appellants and three other creditors; the order appealed from dismissed the petition with costs and disbursements to the alleged bankrupts to be taxed by the court; the appeal was taken by the appellants alone and without summons and severance as to the other petitioning creditors; the citation on appeal was directed only to the alleged bankrupts. Under these circumstances the appellees contend that the appeal must be dismissed. We can discover no escape from this conclusion. Whatever may be thought in the present day of the doctrine of summons and severance, it is too firmly embedded in the law to be disregarded. See American Baptist Home Mission Soc. v. Barnett, 26 F.(2d) 350 (C. C. A. 2), certiorari denied 278 U. S. 626, 49 S. Ct. 28, 73 L. Ed. 546, and cases there cited. While it has most frequently been applied in cases where defendants were appellants, it is equally applicable when a joint judgment or decree has been rendered against plaintiffs. Feibelman v. Packard, 108 U. S. 14, 1 S. Ct. 138, 27 L. Ed. 634; Doll v. Blasius, 69 F.(2d) 225 (C. C. A. 3). The case of In re Dandridge & Pugh, 209 F. 838 (C. C. A. 7), is precisely in point. No distinction between that case and this is possible because of the fact that here the involuntary petition might have been filed by the appellants alone, since it alleged that the creditors of the bankrupts number less than twelve. In the present connection the allegations of the petition are immaterial; it is the character of the judgment or decree which determines who must be parties to the appeal. Here the judgment ran against all the petitioning creditors; all must join in the appeal or be severed. See, also, In re Carasaljo Hotel Co., 8 F.(2d) 469 (C. C. A. 3); compare Canal Bank & Trust Co. v. Brewer, 18 F.(2d) 93 (C. C. A. 5).

For this defect in parties the appeal must be dismissed. It is so ordered.