## CHICKASAW LUMBER CO. v. KUNKEL et al.

No. 27860.   Sept. 13, 1938.

John E. Luttrell, for plaintiff in error.

A. H. Huggins, for defendants in error.

BAYLESS, V. C. J. Chickasaw Lumber Company, a corporation, appeals from a judgment of the district court of Cleveland county, Okla., in favor of M. A. Kunkel, and Kunkel cross-appealed from that part of the judgment denying him relief on his second cause of action.

J. W. Core owned certain lots in Norman. He erected a house thereon, becoming indebted thereby for materials and labor. Among those creditors were the lumber company and City Plumbing Company, of which Kunkel was a stockholder and officer. After the house was erected and the liens to secure those creditors had attached, Core gave Kunkel a mortgage on the property for $700. This mortgage admittedly was inferior in right to the liens. By the terms of a side agreement Core was to have a $300 interest in the collection on the mortgage. Kunkel also gave Core a a written agreement reading:

"For and in consideration of the giving of a note and mortgage, said note in the amount of $700 and said mortgage securing said note covering the property hereinafter described, and signed by J. W. Core.

"The south half of lots 1-2-3 and 4 of block 7 of Norman Heights addition to Norman, Oklahoma.

"I, the undersigned agree to and with the said J. W. Core to release said mortgage in case the said J. W. Core is able to secure a loan upon said property of $2,200 and this note shall act as a second mortgage."

Before this mortgage was recorded, and without actual or constructive notice of it, the lumber company filed an action to foreclose its lien. Kunkel was not a party to the action, and we are unable to tell from the record whether the plumbing company was a party. Thereafter, the mortgage was recorded. Then the parties to the action settled the action, and the lumber company took a deed to the property from Core and made a side agreement whereby it absolved him of liability to it and agreed to pay the other obligations against the property. The lumber company was represented by its local manager and its local attorney. It had constructive knowledge of the mortgage and there is evidence that the $700 indebtedness to Kunkel was listed and considered along with the other items of indebtedness Core had incurred or that existed against the property. The lumber company's evidence and contention is that it knew nothing of the mortgage and did not intend to, nor did it, assume the payment of it.

Kunkel sues upon his mortgage and relied upon the contract between Core and the lumber company for the priority of his mortgage lien. But for this contract his mortgage would be inferior.

The contract between Core and the lumber company reads:

"This agreement made and entered into this 28th day of May, 1929, by and between J. W. Core and James Draughn.

"For and in consideration in the giving a warranty deed by J. W. Core to James Draughn to lots 1, 2, 3 and 4 of block 7, Norman Heights addition to Norman, Oklahoma the said James Draughn agrees to pay any and all outstanding indebtedness against the said property and further agrees to absolve the said J. W. Core from any liability resulting from any deficiency judgment that might occur as a result of a sale by foreclosure."

The phrase "any and all outstanding indebtedness against the said property" is broad and comprehensive. However, it is apparent that resort to extrinsic and perhaps parol evidence is necessary to make certain the items of indebtedness outstanding. In 22 C J. 1261, sec. 1683, it is said:

"Parol evidence is always admissible where it is necessary in order to identify * * * the subject matter of a * * * contract * * * for without such evidence it would be impossible to give effect to the intentions of the parties."

See Varner-Collins Hardware Co. v. New Milford Security Co., 49 Okla. 613. 153 P. 667, and Ferguson v. Blackwell, 5 Okla. 489, 58 P. 647, and Hines v. Olsen. 78 Okla 259, 190 P. 266. Then follow illustrations of the many such contracts capable of explanation, and among those cited are "* * * the obligations of one party to a contract which the other had undertaken to pay."

Beemer v. Packard, 92 Hun, 546, 38 N. Y. S. 1045. There was no proper objection to the competency of this type of evidence, for both parties resorted to it. There was sufficient competent evidence to support a finding of the trial court either way, and since the trial judge was sitting in equity, his judgment cannot be reversed unless it is against the clear weight of the evidence. It is not.

The lumber company lays a great deal of stress upon the contract between Core and Kunkel where Kunkel agreed to release the $700 mortgage or to relegate himself to an inferior position in the event Core refinanced the property. We do not think this made Kunkel's mortgage a conditional one. It was an absolute debt and lien. Kunkel merely agreed to take a position for the worse to assist Core in his efforts to refinance the property. But this agreement was never called into play. The lumber company thereafter contracted with Core to pay the Kunkel indebtedness, and this agreement being for Kunkel's benefit and made with knowledge of his indebtedness obviated the necessity for him taking a second mortgage.

The lumber company takes a broad equitable position. It says that a court of equity in looking at the situation of the parties must be impressed with the facts that, as a result of a series of agreements and transactions, the holder of an inferior mortgage lien (partly owned by the creator of all of the indebtedness involved) is suddenly, and without legal consideration or cause, apparently placed in a position of advantage. The rule which it relies upon is well known, but is not applicable. The converse thereof, that equity is bound by the agreements of the parties freely entered into, does apply. Testerman v. Burt, 143 Okla. 220, 289 P. 315. We recognize the apparent switching of positions of the parties, but we are impressed by the fact that such a change was made deliberately and with knowledge of all facts save one.

It cannot be found in the record before us, and it is difficult to believe, that the lumber company intended to pay Core any money. It is clear from the record that Kunkel only gave Core a consideration of $400 at most for the mortgage, and that the $300 above that represented no previous consideration and the failure to collect it would not result in a disadvantage to Core. It is clear to us that Core is not entitled to collect $300 from the lumber company, and it is equally clear that Kunkel is only entitled to collect $400 on the mortgage, with interest, etc., accordingly. Core was never indebted to him on the mortgage above that figure, consequently the lumber company did not assume more. We hold, therefore, that the mortgage judgment must be reduced to a ratio of $400.

We believe the trial court erred in dismissing the second cause of action of the plaintiff. It is not disputed that $275 was due from Core to the plumbing company and that it was considered among the items of outstanding indebtedness assumed by the lumber company. There appears no reason for sustaining the demurrer to this cause of action, unless it was that Kunkel, the admitted assignee for collection, was not the real party in interest. As stated in Kunkel's brief, he "was the undenied assignee of an undenied claim." He was a stockholder and officer of the corporation assignor. Questions of consideration or formality of execution should not control where from all of the facts the rule announced in Black v. Donelson, 79 Okla. 299, 193 P. 424, as follows:

"A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him, were the claim prosecuted by the real owner"

—protects the defendant. It is clear that the prosecution and collection of this judgment will protect the lumber company fully against any future actions thereon. Kunkel did not file an action to foreclose the lien within the statutory time, and he is entitled to judgment only for the principal and interest.

The judgment of the trial court sustaining Kunkel's mortgage as first lien is affirmed, but the money judgment against the lumber company is modified to the extent of making the note $400 only; and the judgment in favor of Core and against Kemple is vacated, and the judgment sustaining the demurrer to the second cause of action is reversed, and the trial court is directed to enter judgment thereon for the principal and interest as prayed for.

Affirmed in part, reversed in part.

OSBORN, C. J., and WELCH, PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY, J., absent.