## McCOY v. MOORE.

No. 28654.  May 23, 1939.

Rehearing Denied June 13, 1939.

C. A. Ambrister, for plaintiff in error.

Bower Broaddus and Julian B. Fite, for defendant in error.

WELCH, V. C. J. This appeal presents the sole question, whether Moore was the proper party plaintiff.

Moore sued to recover damages resulting to his automobile from a collision with one driven by the defendant, McCoy. At the time of collision the Moore automobile was being driven by one Haines to whom it had been delivered for servicing. The damage to Moore's automobile had been repaired at Haines' expense and Moore had agreed with him that he would bring the suit for damages or that suit would be brought in Moore's

name and that any recovery would inure to Haines' benefit to reimburse him for the expense of the repairs.

It is urged that under the above facts plaintiff is not the real party in interest, and that by virtue of section 142, O. S. 1931, 12 Okla. St. Ann. sec. 221, he cannot maintain the suit. The section provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in this article; but this section shall not be deemed to authorize the assignment of a thing in action, not arising out of contract."

We think it cannot be questioned that from and immediately after the collision the owner of the automobile acquired a right of action in tort against the defendant, McCoy. It appears that plaintiff's automobile was repaired and the repair bills were paid by Haines, the operator of the service station. The record does not reflect the moving cause of payment, whether with the intent to satisfy a legal or moral obligation or merely as a volunteer or intermeddler or even as a gratuity or accommodation to Moore. Defendant must have shown further facts and circumstances of the payment of the bills to show legal subrogation. No contention is made, nor authorities cited, to the effect that Haines was legally liable to Moore for the payment of such repairs, and if he was not so liable, the payment of same may, in this case, be said to have been voluntary and such payment of itself could not result in subrogation. In that event Moore ·retained the cause of action which he originally possessed.

It appears to be urged that by reason of the fact that Moore and Haines agreed that Moore would bring the suit and pay the proceeds of any recovery to Haines, such agreement constituted an assignment to Haines of the cause of action. Not so, because under our law a cause of action arising in tort is not assignable. Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51.

It is contended that Haines is the only person actually interested in the event of a favorable result. If such contention be correct, still the defendant is in no position to complain. In Black v. Donelson, 79 Okla. 299, 193 P. 424, it was held in the second paragraph of the syllabus as follows:

"A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by another, and when, as against the nominal plaintiff, he may assert all defenses and counterclaims available to him were the claim prosecuted by the real owner."

The same rule was followed in Chickasaw Lumber Co. v. Kunkel, 183 Okla. 347, 82 P.2d 1003. See, also, K. C., M. & O. Ry. Co. v. Shutt, supra, and Schaff, Receiver, v. Coyle, 121 Okla. 228, 249 P. 947.

We find nothing in the circumstances as disclosed by the record to deprive plaintiff, Moore, of his right of action against the defendant, McCoy.

Finding no reversible error, the judgment is affirmed.

OSBORN, CORN, HURST, and DAVISON, JJ., concur.