## WILLIS v. E. I. DU PONT DE NEMOURS & CO.

### No. 3704.

United States Court of Appeals
Tenth Circuit.

Nov. 19, 1948.

Fred W. Martin, of Wagoner, Okl., for appellant.

Johanna M. D'Amico, of Washington, D. C. (Enoch E. Ellison and H. G. Morison, both of Washington, D. C., and Cleon A. Summers and Francis Stewart, both of Muskogee, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Plaintiff, I. F. Willis, individually and for the use and benefit and as agent and assignee of 1,687 others, instituted this action in the District Court of Wagner County, Oklahoma, against E. I. du Pont de Nemours and Company, a corporation, to recover for each of said parties the sum of $500.00 allegedly due them as unpaid wages. The prayer of the complaint is as follows: " * * * Plaintiff prays judgment against said defendant for the sum of $500.00 for each employee named herein, with interest thereon at 6% per annum from the due date thereof, together with all costs of this action."

The action was removed to the District Court of the United States for the Eastern District of Oklahoma upon a removal petition filed by the appellee. A motion by appellants to remand was overruled. The cause was tried to the court upon the motion of appellee to dismiss on the ground that the complaint failed to state a cause of action and judgment was entered dismissing plaintiff's cause of action. This appeal followed.

While three amended complaints were filed, reference herein will be only to the original complaint since the amendments

---

did not change any of the material issues and related largely to additional parties plaintiff.

The essential facts are substantially these. On September 11, 1941, the United States entered into a written contract with the appellee for the construction of a new ordnance facility near Choteau, Oklahoma. The contract contained a provision that, "The Contractor shall compensate laborers and mechanics for all hours worked by them in excess of eight hours in any one calendar day at a rate not less than one and one-half times the basic rate of pay of such laborers and mechanics." This provision forms the basis of appellants' alleged cause of action. In their petition plaintiffs asserted, "That in the construction of the above mentioned facility, the said defendant paid said employees only for the actual time spent in productive labor, and did not pay said employees for the time necessarily spent upon said premises in traveling and preparing for said work. * * * That each employee therein spent a minimum of one hour per day upon defendant's premises, for his use and benefit, for which he has not been paid. That each employee is entitled and has oweing to him by said defendant one and one half hours of pay for each day worked except the seventh day in the week, and double time for said seventh days * * *"

These allegations would tend to indicate that the wages sought to be recovered were what are ordinarily referred to as portal to portal pay. If that is so, it would be necessary to consider the Eight Hour Law, 40 U.S.C.A. §§ 321–326, the Bacon-Davis Act, 40 U.S.C.A., Sec. 276a–276a—5, and the Portal to Portal Act of 1947, Chapter 52, 61 Stat. 84, 29 U.S.C.A. § 251 et seq. Appellee's motion to dismiss, which was sustained by the trial court, was predicated on the ground that these acts applied and that by virtue thereof no cause of action upon which recovery might be predicated was stated in the complaint. Appellants, however, took the position that their cause of action was not founded upon any federal statute. They presented their case on the theory of being third party beneficiaries under the contract, and as such, had a right to maintain an action in their own name for the enforcement of the provisions of the contract placed therein for their specific benefit.

The trial court did not adopt appellee's theory in deciding the case. It tried and decided the case on the theory advanced by the appellants, that they brought the action as third party beneficiaries to enforce the provisions of the contract allegedly enacted for their direct benefit. The trial court, however, concluded that the provision of the contract, relied upon by appellants, was not included for their specific benefit and that therefore they were not third party beneficiaries and lacked capacity to maintain the suit.

Although we are impressed with the conclusions reached by the trial court that appellants are not third party beneficiaries and could therefore not maintain the action as such parties, the conclusions we have reached as to the trial court's jurisdiction make it unnecessary to pass upon this question.

It is obvious from a casual examination of the complaint that the assignment of all of these 1,687 claims to one plaintiff, I. F. Willis, was for the purpose of collection. The assignment so specifically stated; the complaint stated that the action was instituted for the use and benefit of all the assignors; the prayer asked judgment against appellee for $500 and interest for each employee.

In Woerter v. Orr et al., 10 Cir., 127 F. 2d 969, and Eresch v. Braecklein, 10 Cir., 133 F.2d 12, we held in line with all the cases that claims may not be aggregated for the purpose of establishing the jurisdictional amount. It is obvious from a casual reading of the complaint that appellants did not seek to recover a common fund or any interest in such a fund. Each sought to recover judgment for himself for $500 and interest. Each sought to recover on his contract of employment.

Federal courts have also held without exception that a federal court is without jurisdiction in an action by an assignee for collection of claims which, taken separately, are insufficient in jurisdictional amount and

which must be added to make up the jurisdictional amount.[1]

So also it has been held that a federal court is without jurisdiction on removal in an action by an assignee of separate claims for collection where the assignors retained an interest in the recovery and where it is necessary to add up the separate claims to make the jurisdictional amount.[2]

Appellee, however, takes the position that under the Oklahoma law, an assignee for collection is the real party in interest for the purpose of an action and that therefore such an action is properly removable. We doubt whether, if under the Oklahoma decision, an assignee for collection was construed as being the real party in interest, that such an action might be removed on the ground of diversity of citizenship and jurisdictional amount because it has been repeatedly held that to render an action removable to a federal court it must be of such a nature that it could have been brought there originally.[3]

Neither can we agree that the Oklahoma court has held that an assignee for collection of a number of claims is the real party in interest in an action brought thereon. The doctrine of the Oklahoma cases seems to be based on estoppel. The cases hold that the assignee in whose name the action is instituted is none the less the nominal party and that the assignors are still the real parties in interest, but that a defendant in such an action may not complain because the action is not prosecuted in the name of the real party in interest, so long as the judgment binds them and estops them from maintaining any further proceedings against him. Thus, in *Chickasaw Lumber Co. v. Kunkel*, 183 Okl. 347, 82 P.2d 1003, 1006, the court, quoting with approval from *Black v. Donelson*, 79 Okl. 299, 193 P. 424, said: "A defendant's right is to have a cause of action prosecuted against him by the real party in interest, but his concern ends when a judgment for or against the nominal plaintiff would protect him from any action upon the same demand by *another, and when, as against the nominal plaintiff*, he may assert all defenses and counterclaims available to him, were the claim prosecuted by the real owner".

The *Kunkel* case was cited by the Oklahoma court, with approval, in *McCoy v. Moore*, 185 Okl. 253, 91 P.2d 87.

Since the trial court would have lacked jurisdiction if the action had originally been filed therein, it acquired no jurisdiction by removal from the state court, and the motion to remand should have been sustained.

The judgment is accordingly reversed and the cause is remanded with directions to sustain the motion to remand.

---

[1] Waite v. City of Santa Cruz, 184 U. S. 302, 22 S.Ct. 327, 46 L.Ed. 552; Woodside v. Beckham, 216 U.S. 117, 30 S. Ct. 367, 54 L.Ed. 408; Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254, 93 A.L.R. 141; Allen v. Clark, D.C., 22 F.Supp. 898.

[2] Mullen v. Alaska Packers Association, D.C., 277 F. 967; Mutual Adjustment Co. v. Pacific Telephone & Telegraph Co., D. C., 288 F. 198.

[3] Shawnee National Bank v. Missouri K. & T. Ry. Co., C.C.Okl., 175 F. 456; Canary Oil Co. v. Standard Asphalt & Rubber Co., C.C.Kan., 182 F. 663; Kansas Gas & Elec. Co. v. Wichita Natural Gas Co., 8 Cir., 266 F. 614; Sabin v. Home Owners Loan Corp., 10 Cir., 147 F.2d 653.