DISTRICT OF COLUMBIA, Appellant,

v.

DIENER'S LINOLEUM AND TILE CO.,
Inc., Appellee.

DISTRICT OF COLUMBIA, Appellant,

v.

C. W. F. CORPORATION, Appellee.

Nos. 5430, 5431.

District of Columbia Court of Appeals.

Argued May 4, 1971.

Decided June 22, 1971.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for appellant.

Thomas Canafax, Jr., Washington, D. C., and Edward J. Dempsey, Cincinnati, Ohio, for appellees.

Before KELLY, GALLAGHER and REILLY, Associate Judges.

REILLY, Associate Judge:

Orders of the trial court dismissing these suits as in excess of the jurisdictional limit set by D.C.Code 1967, § 11–961, upon civil actions for damages in that court, are challenged here as inconsistent with decisions in cases where the total amount sought is based on an aggregate of individual claims.

In separate actions against two different employers, the District of Columbia government is suing under the provisions of D.C.Code 1967, § 36–415, to recover wage claims assigned to it by employees assertedly aggrieved by failure of their employers to pay them the compensation to which they were entitled under the District of Columbia Minimum Wage Act.[1]

In No. 5430 the District, in behalf of 25 named employees, seeks to recover a judgment of $42,129.40 against their employer; in No. 5431, involving 13 employees of an-

other employer, the total sought is $12,299.-68.

At the time these actions were commenced and when the motions to dismiss were granted, the statutory ceiling on actions for damages in the court below was $10,000.[2] The complaints, which set forth the amounts said to be owed to each of the assignors, disclose that in neither case does the highest amount of unpaid wages claimed for any single employee exceed $10,000—in fact, the highest for any individual was less than $3,000.

The authority of the District to bring these actions is derived from D.C.Code 1967, § 36–415(b), which in pertinent part provides:

At the written request of any employee paid less than the wage to which such employee is entitled under this subchapter or any order or regulation issued thereunder, the Commissioners may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim. * * *

This subsection, enacted in 1966, was patterned upon a corresponding provision in Section 16 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(c), which authorized the Secretary of Labor "[w]hen a written request is filed by any employee * * * claiming unpaid minimum wages * * * [to] bring an action in any court of competent jurisdiction to recover the amount of such claim. * * * "

Also borrowing from the earlier federal enactment, Congress, in the 1966 revision of the local minimum wage act, made employers violating the Act liable to an ag-

---

1. This law, originally passed in 1918, has since been completely revised by an amendment in the nature of a substitute, Act of October 15, 1966, Pub.L. 89–684, 80 Stat. 961, now incorporated in D.C. Code 1967, as Chapter 4 of Title 36, §§ 401–419, inclusive.

2. D.C.Code 1967, § 11–961. It was not until February 1, 1971 that this ceiling was raised to $50,000. See § 111 of the District of Columbia Court Reform and Criminal Procedure Act of 1970, Pub.L. No. 91–358, 84 Stat. 473, approved July 29, 1970; D.C.Code 1967, § 11–921(a) (2) (Supp. IV, 1971).

grieved employee for the amount of unpaid wages and an "additional equal amount as liquidated damages," and provided that actions to recover such liability may be maintained by "any one or more employees for and in behalf of himself or themselves or other employees similarly situated." D.C. Code 1967, § 36–415(a).

In contending that the motions to dismiss for lack of jurisdiction were improperly granted, the District attempts to distinguish decisions of this court holding that where a joinder of claims in a single complaint by the same plaintiff brings the ad damnum to a sum in excess of the jurisdictional monetary limit, the complaint should be dismissed. Reeves v. Yale Transport Corporation, D.C.Mun.App., 128 A.2d 792, 793 (1957), and Fox v. Shannon & Luchs Company of Washington, Inc., D.C.App., 236 A.2d 60 (1967). The trial judge in No. 5430, in a written opinion explaining his reason for dismissal, deemed these cases controlling. He also found that the case was not a class action and therefore Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), relied on by the District to show that individual claims cannot be aggregated in a single lawsuit to satisfy the statutory minimum required of federal courts in suits where jurisdiction is predicated upon diversity, had no bearing on the issue. We regard his views as correct in both respects.

■ The District argues, however, that the trial court should have been guided by the federal rule holding that multiple claims should not be aggregated in determining the jurisdictional amount where plaintiff is acting as assignee of the claimants merely for the purpose of collection, citing Waite v. Santa Cruz, 184 U.S. 302, 22 S.Ct. 327, 46 L.Ed. 552 (1902), and Woodside v. Beckham, 216 U.S. 117, 30 S. Ct. 367, 54 L.Ed. 408 (1910). In each of these cases the Supreme Court, noting that the assignors had not given up title to their respective claims (in the first instance the assignors were holders of defaulted bonds),

and that any amount recovered by the assignee above his individual claim would be vested pro rata in the assignors, held that the assignment was purely "colorable" (*i. e.*, an artifice designed solely to circumvent jurisdictional shortcomings).

While the role of the District as plaintiff in the court below does bear some resemblance to that of the assignees in *Waite* and *Woodside, supra,* its position is significantly more analogous to that of a trustee who has accepted assignments which impose administrative duties. Thus in Bullard v. City of Cisco, 290 U.S. 179, 54 S.Ct. 177, 78 L.Ed. 254 (1933), it was held that where such a trustee was representing various bondholders, their individual claims could properly be totaled to determine the "amount in controversy." The Supreme Court observed, 290 U.S. 179 at 189, 54 S.Ct. 177 at 180:

> We are of opinion that the purpose of the agreement of January 3, 1930, was not to create a mere collection agency, nor to set up a merely colorable device for circumventing restrictions on federal jurisdiction, but to put the bonds and coupons, the owners of which were numerous and widely scattered, into an express trust, to be managed and administered by four trustees, for the purpose of conserving, salvaging, and adjusting the investment; the municipal debtor having become financially embarrassed. \* \* \*

In applying these criteria, we can scarcely deem the District's standing to sue as "merely colorable." It is expressly authorized by statute to bring such actions as an assignee "in trust" under § 36–415(b) of the D.C.Code, *supra,* and charged with the duty of supervising the payment of unpaid wages under paragraph (c) of that section. Moreover, as the affidavits to the complaints in both the instant cases disclose, the claims itemized were based on investigations of the appropriate municipal agency and upon records retained by such agency. Thus the District government is much more than a nominal plaintiff. It, and not

the individual assignors, has full control of the litigation and it has brought these actions in order to discharge its administrative responsibility under the minimum wage laws.

Notwithstanding *Bullard, supra,* counsel for the District raises the spectre of a judicial vacuum resulting from disclaimers of jurisdiction by both the Superior Court and the United States District Court. In these particular cases, however, this contingency did not occur. While these appeals were pending, the local government commenced new actions in the federal district court against the same employers.

There, appellees moved to dismiss on the grounds that the claims could not be aggregated to meet the court's jurisdictional minimum of $10,000. The district court denied the motions to dismiss, holding that jurisdiction properly rested in that court.[3] The cases were subsequently certified to the Superior Court on February 12, 1971, the jurisdictional maximum having been raised in the meantime to $50,000. Such transfer does not moot the appeals, as the statute of limitations had run against some portions of the individual claims before the suits were filed in the federal court.

While counsel's fears in these particular actions appear groundless, he points to a decision[4] of another federal district judge in this jurisdiction dismissing (on the ground that claims cannot be aggregated in a class action) a suit brought by a bus driver on behalf of himself and fellow employees to recover overtime pay alleged to be due under the local minimum wage law. Obviously appellant overlooks the distinction between actions instituted directly by employees under § 36–415(a), to which reference has been made, and suits like the

cases at bar, where the municipal government is the plaintiff.

In other words, our affirmance of dismissal in No. 5430 will not create situations blocking access to either forum.

■ In the companion case, No. 5431, the trial judge also granted the motion to dismiss, relying on the opinion of his colleague in No. 5430. Accordingly, the same considerations impelling an order of affirmance in that case are present, except for one slight difference.

In both complaints, contrary to the construction placed on the corresponding subsection of the federal statute authorizing suits by the Secretary of Labor, 29 U. S.C. 216(c), the District, although suing under the authority conferred upon it by § 36–415(b), demands not only the amounts representing unpaid wages, but also an equal amount representing liquidated damages, which is provided for only in the *preceding* subsection.[5] In No. 5430, this increment to the ad damnum is immaterial because the actual wage claims exceeded the jurisdictional limit, but in No. 5431, the total of unpaid minimum and overtime wages was only $6,149.84—a figure well below the jurisdictional maximum.

This court expresses no opinion on the question of whether the inclusion of liquidated damages in these complaints is justified. If such inclusion was inadvertent, however, appellant should be entitled to cure the jurisdictional defect in No. 5431 on motion to amend the complaint by striking out the liquidated damages item. Taylor v. Beckas, 137 U.S.App.D.C. 417, 424 F.2d 905 (1970).[6] Therefore this case is remanded to permit appellant to present such a motion within ten days from the

3. District of Columbia v. Diener's Linoleum and Tile Co., Inc., Civil Action No. 2284–70 (D.D.C.1970); District of Columbia v. C.W.F. Corp., Civil Action No. 2291–70 (D.D.C.1970).

4. Williams v. W.M.A. Transit Co., Civil Action No. 1789–68 (D.D.C.1968).

5. This subsection, § 36–415(a), relates to suits brought by employees on their own initiative.

6. This decision overruled one holding of Fox v. Shannon & Luchs of Washington, Inc., D.C.App., 236 A.2d 60 (1967), cited in the body of this opinion for another proposition.

date of this opinion. If it elects not to do so, the order in this case shall stand affirmed.

Order in No. 5430—affirmed.

Order in No. 5431—remanded for action consistent with this opinion.