**JOHNSON & JENKINS FUNERAL HOME, INC., a body corporate, Appellant,**

**v.**

**DISTRICT OF COLUMBIA, a municipal corporation, Assignee in Trust for the use of William R. Dove and William E. Jackson, Appellee.**

No. 7298.

District of Columbia Court of Appeals.

Argued Jan. 29, 1974.

Decided April 18, 1974.

Wilbur W. Sewell, Washington, D. C., Henry Lincoln Johnson, Jr., Washington, D. C., was on the brief, for appellant.

Earl A. Gershenow, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and YEAGLEY, Associate Judges.

REILLY, Chief Judge:

This is an appeal from a judgment in the amount of $1,151.76, consisting of compensatory damages of $901.76 and liquidated damages of $250.00, resulting from an action against the employer brought by the District of Columbia under the provisions of D.C.Code 1973, § 36–415(b), to recover wage claims assigned to it by two employees claiming a failure on the part of their employer to pay them wages to which they were entitled under the District of Columbia Minimum Wage Act, D.C.Code 1973, § 36–401 et seq.

Both claimants were employed at different times by appellant, a funeral establishment, as maintenance men. The District of Columbia argued that employee William R. Dove was underpaid $641.80 and that employee William E. Jackson was underpaid $1,318.72; it also sought an equal

amount of liquidated damages. Appellant denied any liability whatever, contending that the employees received the full amount of wages to which they were entitled.

The trial court found that one claimant, Dove, was employed for approximately 28 weeks, at a weekly wage of $80 during 12 weeks and $100 during 16 weeks; that his average work week was 52 hours; and that he was underpaid in the sum of $338.-40. It found that the other, Jackson, was employed at two different periods for a total of about 32 weeks; that his weekly rate was $75 during the first period (17 weeks) and $89.99 during the second period (15 weeks), plus an additional $35 from a petty cash account; that he worked an average of 58 hours per week during the first period and 46 hours per week for 10 weeks during the second period; and that he was underpaid in the sum of $563.36. The trial court also found appellant liable for liquidated damages on behalf of employee Dove in the amount of $100 and employee Jackson in the amount of $150.

■ Appellant contends that the findings of the trial court were not supported by the evidence, pointing to the absence of supporting proof from records of the actual hours worked by employees and some of the inconsistencies and exaggerations in the testimony of complaining employees. The transcript discloses, however, evidence showing that in certain respects the records kept by the employer were inaccurate and in others, incomplete. It also appears that the trial court, after finding liability, did take into account the absence of trustworthy testimony to substantiate the full back pay figure urged by the government on behalf of the employees. In other words, it discounted a portion of the total amounts claimed as compensatory damages.

While the task of this court on review would have been considerably easier had the trial judge made specific findings with respect to underpayments in each of the work weeks drawn into controversy, we cannot say that the total at which he arrived is lacking in evidentiary support. It has been held that where an employer has not kept records in conformity with statutory requirements he "cannot be heard to complain that the damages lack the exactness and precision of measurement that would [otherwise] be possible . . . ." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515 (1946).

■ The resolution of conflicting evidence is within the province of the trial court. Hence its findings, when supported by competent evidence—which is the situation here—will not be set aside unless clearly erroneous. Lee Washington, Inc. v. Washington Motor Truck Transp. Emp. Health & Welfare Trust, D.C.App., 310 A.2d 604 (1973); Reese v. Crosby, D.C. App., 280 A.2d 526 (1971); Freas v. Gitomer, D.C.App., 256 A.2d 573 (1969). See D.C.Code 1973, § 17–305(a).

One remaining question concerns the trial court's authority to award liquidated damages in an action brought by the District of Columbia as assignee of employees' claims under D.C.Code 1973, § 36–415(b), in contradistinction to an action brought by employees themselves under § 36–415(a). Unlike the latter, subsection (b) does not refer to recovery of liquidated damages. We left this issue open in District of Columbia v. Diener's Linoleum and Tile Co., D.C.App., 278 A.2d 684, 687 (1971), where we noted that the corresponding subsection in the Fair Labor Standards Act had been construed as not authorizing such recovery.

The particular provision drawn into issue was included in the D.C. Minimum Wage Amendment of 1966, Pub.L. 89–684, 80 Stat. 961–970 incl., but there is nothing in the legislative history to clarify the point, other than statements by the managers of the bill on the Senate and House floors to the effect that certain provisions had been patterned after corresponding

sections in the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq.[1] As § 36–415(b) of our Code was obviously taken from 29 U.S.C. 216(c)—one of the amendments made by Congress in 1949 to the original Federal Act (Act of October 26, 1949, ch. 736, § 14, 63 Stat. 919)—it must have been deemed part of the same legislative scheme. Prior to those amendments, employees aggrieved by a failure to receive the minimum wages or overtime pay to which they were entitled under the Federal Act could sue to recover such underpayments and an equal additional sum as liquidated damages. There was no provision in the Act, however, authorizing the government to bring an action in their behalf.

In 1949, Congress decided to add such a provision to the statute. The Senate Committee reporting out the bill containing a provision—now § 16(c) of the Federal Act —the counterpart of D.C.Code § 36–415(b) —stated that this subsection was intended to allow the Wage and Hour Administrator (later the Secretary of Labor) to recover on behalf of aggrieved employees, compensation only for wages actually due. Senate Comm. on Labor and Pub. Welfare, S. Rep. No. 640, 81st Cong., 1st Sess. 8 (1949).[2]

█ In our opinion, D.C.Code 1973, § 36–415(b), must be similarly construed. Accordingly, the trial court's judgment against appellant for $250.00 in liquidated damages is set aside, and the case remanded for entry of a judgment for compensatory damages only.

Affirmed in part, reversed in part.

1. *See* remarks of Senator Morse, 112 Cong. Rec. 749–750 (1966), and Representative Broyhill, 111 Cong.Rec. 14860 (1965).

2. With respect to the new subsection, the Report stated in part:
  . . . One of the principal effects of the committee proposal will be to assure employers who pay back wages in full under the supervision of the Wage and Hour Division that they need not worry about the possibility of suits for liquidated damages and attorney's fees. Under the committee proposal an employee who is not paid minimum wages or overtime owing to him under the act may choose between action by the Administrator under the new subsection (c) for simply the amount which is owed to him and his own individual right to action under subsection (b) for both back wages and liquidated damages together with a reasonable attorney's fee. . . . S.Rep. 640, *supra*, 2 U.S.C.Cong. Serv. p. 2249 (1949).